Submitted on briefs at Pendleton October 25, affirmed November 16, 1920.

## BUNNEL *v.* BUNNEL.

(193 Pac. 201.)

**Divorce—Evidence Insufficient to Show Cruel and Inhuman Treatment.**

1. In a husband's action for divorce, evidence *held* insufficient to show that the wife was guilty of cruel and inhuman treatment; it not appearing that she was so neglectful of her household duties as to be cruel, or that her boasts as to her previous admirers, which were in line with her husband's boasts, amounted to cruelty.

From Wallowa: JOHN W. KNOWLES, Judge.

In Banc.

This is a suit for divorce. The complaint is founded upon allegations of cruel and inhuman treatment and personal indignities, rendering plaintiff's life burdensome. The answer denies the allegations of cruel treatment. There was a trial, resulting in a decree dismissing the complaint.          AFFIRMED.

98 Or.—8

For appellant there was a brief submitted over the name of *Mr. J. A. Burleigh.*

For respondent there was a brief prepared and submitted over the name of *Mr. Daniel Boyd.*

BENSON, J.—The substantial contention of plaintiff is succinctly stated in a question asked of him by his attorney, and in his answer thereto, which are as follows:

"Q. Now Tommy, the only trouble that you and your wife had was over her express statements of her love for Lem Burge, and her shiftless, careless way of taking care of the home, wasn't it?

"A. Yes, sir."

The record discloses that these young people were married on September 30, 1919, and that this suit was begun on May 4, 1920, or a little over seven months after the wedding. When they were married, the plaintiff was about twenty-two years of age, and the defendant between eighteen and nineteen. Very soon after the marriage, in an exuberance of youthful folly and indiscretion, the young couple began to boast, he of his conquests with other girls, prior to his wedding, and she, in turn, regarding the desirability as a husband of a young man named Burge, with whom she had kept company prior to her union with plaintiff. This sort of thing, however, did not continue very long, for the reason, as the wife says, that, discovering that it annoyed her husband, she ceased her part in the foolish conversation. These conversations do not appear to have had any material effect upon their marital relations, as they continued to manifest their affection for each other, and to sustain the intimate relations of husband and

wife, up to the twenty-seventh day of April, 1920, when plaintiff went to a hospital to be operated upon for hernia, at which time his wife went to town with him, staying with a married sister, who lived in the town and visited him daily at the hospital, where he remained about two weeks. There appears to have been no friction between them during this time, until shortly before plaintiff's departure from the hospital, at which time they had a small "spat" over the wife's treatment at the hospital, and as to where she should go after his leaving the hospital. This little quarrel does not impress one as being at all serious, but immediately thereafter the plaintiff sent for his attorney and began this suit.

We are of the opinion that the evidence as to the wife's talk regarding her former admirer, under the circumstances, falls short of being cruel and inhuman treatment, nor do we find anything justifying a divorce in the small dispute which they had at the hospital. As to her neglect of her household duties, the most that can be said of the evidence upon this feature, taking as true the plaintiff's version of it, is that she is not an enthusiastic housekeeper, nor exceptionally efficient therein. It appears that, whenever she could, she got her husband to help her with the cooking and with the laundry work, which involved the use of a washing-machine. It is also established that for a portion, at least, of the time when her husband found it necessary to do the cooking, she was being treated by the family physician for acute inflammation of the kidneys and was in no condition to do housework. Taken altogether, the evidence falls far short of that degree which would justify a divorce for cruel and inhuman treatment.

The decree of the lower court is therefore affirmed.

                                        AFFIRMED.